UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HUBERT CAVE,

                Plaintiff,

v.                                          Civil Action No. _____

DIVERSIFIED CONSULTANTS, INC.,

                Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Plaintiff's cause of action under the TCPA is predicated upon the same facts and circumstances that give rise to their federal cause of action. As such, this Court has supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367.

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

5. Plaintiff Hubert Cave is a natural person residing in the County of Monroe and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

6. Diversified Consultants, Inc., is a foreign business corporation organized and existing under the laws of the State of Florida and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

1

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts Defendant alleged hereinafter were performed by its respective employees acting within the scope of their actual or apparent authority.

### IV. FACTUAL ALLEGATIONS

9. That upon information and belief, Plaintiff allegedly owes a debt to AT&T Wireless. This debt will be referred to as the "subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That the Plaintiff allegedly defaulted on the "subject debt."

12. That upon information and belief, Defendant was then employed by AT&T Wireless to collect on the subject debt.

13. In or about January 2016, Defendant began calling Plaintiff's cellular telephone number using an "automatic telephone dialing systems" as defined by TCPA, multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

14. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or transmitted prerecorded voice messages and/or transmitted messages using an artificial voice.

15. In or about January 2016, Plaintiff spoke with the Defendant in a telephone conversation and explained that T-Mobile offered a plan to pay his AT&T bill if he switched over to their service. Plaintiff told the Defendant he was not paying the AT&T bill because he switched over providers to T-Mobile and they were paying it per the above agreement. Defendant stated that Plaintiff was "stupid" and that Plaintiff did not understand that he owes the money. Plaintiff responded to the Defendant stating not to talk to him that way and that he was going to seek an attorney. Defendant stated "go ahead, we can call you it's not illegal." Plaintiff then requested that the Defendant stop calling his cellular telephone.

16. Thereafter this conversation, Plaintiff had multiple conversations with Defendant in which he continued to request that they stop calling his cellular telephone.

17. Despite these repeated requests to stop calling, the Defendant continued to call the Plaintiff on his cellular telephone.

18. That during the afore-mentioned time, Defendant made several telephone calls to Plaintiff, using an "automatic telephone dialing systems" as defined by TCPA, wherein they left an artificial and/or prerecorded voice messages on Plaintiff's cellular telephone.

19. That for some of the above mentioned telephone calls made to the Plaintiff by the Defendant, upon the Plaintiff answering his phone, either there was a few second pause followed by a live representative then coming on the line.

20. Upon information and belief, the above facts indicate that the calls were made by an automatic telephone dialing system.

21. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

22. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    B. Defendant violated 15 U.S.C. §1692d(2) 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10) by using abusive language when calling Plaintiff stupid and stating that it is not illegal for them to keep calling him despite his repeated requests for Defendant to stop calling him..

24. That as a result of the Defendant FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

25. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

26. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq.

and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

27. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

29. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

30. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

31. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys' fees.

32. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

33. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3)

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

   (c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 28, 2016

*(signature)*
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
         khiller@kennethhiller.com

5